No. 33,568

THE STATE OF KANSAS, *Appellee,* v. BONNIE FRANCE, *Appellant.*

(72 P. 2d 1003)

Opinion filed November 6, 1937.

*John H. Gerety, Grey Dresie,* both of Wichita, and *Paul R. Wunsch,* of Kingman, for the appellant.

*Clarence V. Beck,* attorney general, *C. Glenn Morris,* assistant attorney general, and *Fred Hurd,* county attorney, for the appellee.

The opinion of the court was delivered by

ALLEN, J.: This is an appeal from a conviction upon a charge of contempt. It is a companion case to *State v. W. H. France,* ante, p. 651, this day decided.

On September 23, 1935, an injunction was granted by the district court of Kingman county enjoining and restraining the defendant and other persons from having, keeping or possessing for personal use or otherwise intoxicating liquor on a certain five-acre tract of ground therein described, and in the building thereon or appurtenant thereto; or from keeping or maintaining a place therein or thereon where intoxicating liquors could be kept, sold, exchanged or delivered; or where persons were permitted to resort for the purpose of drinking intoxicating liquors as a beverage; or where intoxicating liquors could be had, or used or kept in violation of law. A written accusation charging the defendant with contempt for violation of the injunction was filed by the county attorney and a hearing was had before the district court on May 12, 1937.

The title to the five-acre tract was in this defendant. She had lived there continuously since the injunction was issued, and according to her own testimony had actual knowledge of raids and searches made on her premises for liquor, and that intoxicating liquors had been found on the premises. She was in the house on April 6, 1937, when the sheriff and other officers raided the place and searched for liquor.

On that day the officers in their search examined a washing machine on the back porch and found it empty. The defendant was in the kitchen adjoining the back porch. The officers found a secret cache behind the telephone that contained numerous bottles of liquor. The husband of the defendant was under arrest, and before the officers removed the liquor from the cache some of the officers accompanied her husband over the neighborhood to secure a bondsman. The defendant was left in the kitchen, and the liquor cache back of the telephone was left open. In the meantime the other officers were searching a cabin south of the dwelling and found thirty-four bottles of liquor. Thus for a period of about thirty minutes the defendant was the only person in the house or on the back porch. When the officers returned to the house the liquor in the cache back of the telephone was gone. Again searching the washing machine, twenty-six bottles of liquor were found in it. Each officer testified that he did not remove the liquor from the telephone cache or place any of the liquor in the washing machine. There was no way for it to be placed there except by the defendant. All of the liquor was introduced in evidence. An analysis by a chemist showed the contents of the bottles contained a large percentage of alcohol and was intoxicating liquor.

One room of defendant's house was equipped with a bar, mirror, glasses, bottles, containers and other accessories. On the premises was a federal retail liquor dealer's tax stamp which her husband had obtained at the office of the internal-revenue collector at Wichita, Kan. She knew of the various liquor raids by the officers. The evidence was sufficient to show that not only intoxicating liquor was kept on the premises with her knowledge, consent and permission, but that in removing the bottles from the telephone cache to the washing machine she was in actual possession of the same.

The judgment was justified by the evidence and must be affirmed. It is so ordered.